OSCAR LOFTIN v. STATE.

No. A-1844. Opinion Filed November 8, 1913.

Appeal from County Court, Jackson County;
B. N. Woodson, Judge.

Oscar Loftin was convicted of a violation of the prohibitory law, and appeals. Reversed.

W. T. McConnell, for plaintiff in error.

Charles West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. This appeal is prosecuted from convicted had upon an information which charged that defendant did unlawfully transport and convey intoxicating liquor from a point on Fourth street, in Olustee, to another point on said street, a distance of two hundred fifty feet. The verdict, omitting the formal parts, is as follows: "Find the defendant guilty as charged, and ask the leniency of the court." On the 13th day of August, 1912, the court rendered judgment and sentenced the defendant to be confined in the county jail for thirty days, and pay a fine of fifty dollars. The only evidence in the case was that of A. W. Collins, who testified that as deputy sheriff he went to arrest defendant and the defendant jerked a bottle out of his pocket and threw it down. He was then asked: "Q. What did this bottle contain? A. Well, from the knowledge I have, I think I would say it contained whisky." On cross-examination he was asked: "Q. Would you swear that that bottle contained intoxicating liquor? A. No. It was possible that it couldn't have been whisky, because I have caught whisky that was sold for whisky, that wouldn't really be whisky; wouldn't have enough whisky in it to make it whisky. Q. Will you swear that that was intoxicating or a substitute for intoxicating liquor, that was in that bottle? A. No, sir. Circumstances might be that it wasn't." Of the various errors assigned it is only necessary to consider the one that the conviction is not supported by sufficient evidence. The testimony of the only witness sworn is that he was unable to state what the contents of the bottle was. A defendant is presumed to be innocent until his guilt is established by evidence beyond a reasonable doubt, and no inference of guilt can be founded upon circumstances, except such as necessarily follows from the facts, and the facts proven must not only be consistent with and point to the guilt of the defendant, but must be inconsistent with his innocence. The facts proved were suspicious, but suspicion is not proof. It is our opinion that the facts proved cannot be regarded as evidence sufficient to support the conviction. The judgment is therefore reversed.